MICHAEL M. DeLEE, ESQ.
Nevada Bar No. 11948
DeLEE LAW OFFICES, LLC
P.O. Box 96, 18 South Powerline Road
Amargosa Valley, Nevada 89020
Telephone: (775) 372-1999
E-Mail: michael@deleelaw.com

MICHAEL S. KIMMEL, ESQ.
Nevada Bar No. 09081
HOY CHRISSINGER KIMMEL VALLAS, PC
50 West Liberty Street, Suite 840
Reno, Nevada 89501
Telephone: (775) 786-8000
E-Mail: mkimmel@nevadalaw.com

*Attorneys for Wulfenstein*
*Construction Company, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WULFENSTEIN CONSTRUCTION COMPANY, INC., AND UNITED STATES FOR THE USE OF WULFENSTEIN CONSTRUCTION COMPANY, INC., a Nevada corporation,<br><br>Plaintiff,<br>vs.<br><br>HERBACK GENERAL ENGINEERING, LLC, a Nevada limited liability company; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01182-APG-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES PENDING THE OUTCOME OF MEDIATION**<br><br>**(FIRST REQUEST)** |

This is the first stipulation to extend discovery deadlines. Pursuant to LR IA 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery deadlines in this matter. In support of this Stipulation and Request, the parties state as follows:

(a) Discovery Completed to Date:

The parties have completed initial disclosures and document exchanges. The parties have also engaged in written discovery, propounding requests for production, interrogatories, and requests for admission, for which responses have been made. The parties are continuing to discuss disputes related to the responses made to this initial round of written discovery and have exchanged meet and confer positions on the items of dispute. The parties believe that any disputes related to the initial round of written discovery can be resolved without court intervention.

(b) Discovery that Remains to be Completed:

The parties contemplate taking the depositions of the principal employees of each party. The parties also contemplate an additional round of written discovery, should the parties be unable to resolve this dispute at mediation. Once completed, the parties will proceed with obtaining expert witness opinions on the dates and time permitted herein. Some third-party discovery may be required, through subpoenas or depositions.

(c) The reasons why discovery will not be completed prior to the existing deadlines.

Based on the initial disclosures and exchanges and upon the responses to written discovery, the parties have agreed to (and have scheduled with Robert F Enzenberger, Esq.), a mediation. An extension of the current discovery deadlines will allow the parties to privately mediate the matter as contemplated in the Joint Interim Status Report [Dkt 20] (initial mediation scheduled for December 15, 2017), will preserve the status quo, and will minimize the expense of the parties' resources and those of the Court until such mediation can be concluded. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Additionally, it will prevent the risk of the court needlessly expending its energies to further manage the case when the case may well settle as a result of the parties' own accord at the upcoming mediation. *Sommers v. Cuddy*, 2013 U.S. Dist. LEXIS 12430 (D.Nev. 2013). Discovery should be continued as stipulated between the parties to allow for a full and complete effort to mediate this dispute. Because no trial date has yet been set by the Court in this matter, and because the parties and their attorneys are available for trial in or after November of 2018, as disclosed in the Joint Interim Status Report [Dkt 20], the extension requested is appropriate.

(d) Proposed Schedule for Completing remaining Discovery.

    i. The expert disclosure deadline should be extended up to and including **April 30, 2018.**

    ii. The rebuttal expert disclosure deadline should be extended up to and including **May 30, 2018.**

    iii. The close of discovery deadline should be extended up to and including **July 1, 2018.**

    iv. The dispositive motion deadline should be extended up to and including **July 31, 2018.**

    v. The parties will file their joint pre-trial order (including FRCP 26(a)(3) disclosures) no later than 30 days after the deadline for dispositive motions. But, if there are dispositive motions pending at that time, the parties shall file the joint pre-trial order 30 days after the Court has decided any pending dispositive motions.

For the reasons stated herein, the parties hereby request the Court's order affirming the stipulated extension of the discovery deadlines to assist the parties in their effort to mediate this matter.

DATED: December 7, 2017.       DATED: December 7, 2017.

DELEE LAW OFFICES, LLC      MOORE LAW GROUP, PC

/s/ Michael M. DeLee_____      /s/ John D. Moore_____
Michael M. DeLee, Esq.      John D. Moore, Esq.
Nevada Bar No. 11948      Nevada Bar No. 8581
Attorney for Plaintiff      Attorney for Defendants

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 8, 2017

3